UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OTTER PRODUCTS, LLC and TREEFROG DEVELOPMENTS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AARON SMURTHWAITE, doing business as "AARONS_GIFTSHOP", "SMURT-56", and "SMURFSUPREME;" and "JOHN DOES" 1-5;<br><br>Defendant. | CASE NO. 7:22-CV-4209 (PMH)<br><br>[PROPOSED] FINAL JUDGMENT AND INJUNCTION BY DEFAULT AGAINST DEFENDANT AARON SMURTHWAITE, DOING BUSINESS AS "AARONS_GIFTSHOP", "SMURT-56", AND "SMURFSUPREME" |

**THIS CAUSE** comes before the Court on the Order to Show Cause of plaintiffs Otter Products, LLC and Treefrog Developments, Inc. (hereinafter collectively referred to as "Plaintiffs") for the entry of a Final Judgment and Injunction by Default against defendant Aaron Smurthwaite, doing business as "aarons_giftshop", "smurt-56", and "smurfsupreme" ("Defendant"). The Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Final Judgment and Injunction by Default against Defendant. Accordingly, the Court does hereby **ORDER, ADJUDGE, AND DECREE** as follows:

1. This Court has jurisdiction over the subject matter of this action.

2. Venue is proper in the Southern District of New York.

3. Defendant is subject to the jurisdiction of this Court pursuant to and in accordance with the laws of the State of New York, the United States Constitution, and Rule 4 of the Federal Rules of Civil Procedure.

4. Plaintiffs are the owners of, including, but not limited to, the following federal trademarks which are registered in the U.S. Patent and Trademark Office:

1

| Trademark | Reg. No. | Reg. Date | Goods / Services |
|---|---|---|---|
| OTTER BOX | 3,788,535 | 05/11/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| OTTERBOX | 4,602,221 | 09/09/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers. |
| DEFENDER SERIES | 4,616,874 | 10/07/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for personal electronic devices, namely, cell phones. |
| COMMUTER | 3,791,317 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| ON THE GO PROTECTION | 5,044,003 | 09/20/2016 | IC 009. US 021 023 026 036 038. G & S: Protective cases and covers for mobile electronic devices, namely, smartphones, tablets, computers, e-book readers, portable media players; protective cases and covers with integrated batteries for use with mobile electronic devices, namely, smartphones, tablets, computers, e-book readers, portable media players; bags, folios and carrying cases specially adapted for mobile electronic devices, namely, smartphones, tablets, computers, e-book readers, portable media |

| | | | |
|---|---|---|---|
| | | | players; carrying cases, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with mobile electronic devices, namely, smartphones, tablets, computers, e-book readers, portable media players; accessories specially adapted for smartphones, tablets, computers, e-book readers and portable media players, namely, mounting devices, tablet mounts and docking stations. |
| (otter image) | 3,791,318 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| COMMUTER SERIES | 3,963,182 | 05/17/2011 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, multifunctional mobile phones, portable music players, portable video players and computers. |
| SYMMETRY SERIES | 4,709,178 | 03/24/2015 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers. |
| (OtterBox Certified Drop+ Protection logo) | 4,990,232 | 06/28/2016 | IC 009. US 021 023 026 036 038. G & S: Protective cases, covers and housings for personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players; protective cases and covers with integrated batteries for use with mobile electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable |

3

| PLAINTIFFS CERTIFIED DROP + PROTECTION | | | media players; display screen protectors for providing protection, shade, and privacy specially adapted to personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players; protective display screen covers for personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players; headphones and headphone adaptors; accessories specially adapted for holding personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players, namely, belt clips, armbands; accessories specially adapted for personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players, namely, mounting devices, desk stands, tablet mounts, docking stations, table mounts, bar mounts and mount adapters. |
|---|---|---|---|
| *Otterbox logo* | 4,293,603 | 02/19/2013 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |

| | | | |
|---|---|---|---|
| Giving Back ♥<br><br>GIVING BACK | 5,356,304 | 12/12/2017 | IC 009. US 021 023 026 036 038. G & S: Protective cases and covers for mobile electronic devices, namely, smartphones, tablet computers; protective cases and covers adapted to accommodate external accessories for use with mobile electronic devices, namely, smartphones, tablet computers; accessories specially adapted for use with protective cases and covers for smartphone, tablet computers, namely, batteries and power management systems in the nature of external batteries, battery boxes, and battery chargers. |

(hereinafter collectively referred to as the "Plaintiffs' Registered Trademarks")

5. Plaintiffs are responsible for assembling, finishing, marketing, and selling in interstate commerce high-quality Plaintiffs merchandise, including but not limited to protective cell phone cases.

6. Plaintiffs are the exclusive distributor and warrantor in the United States of Plaintiffs merchandise, all of which bear one or more of the Plaintiffs' Registered Trademarks.

7. Plaintiffs have used the Plaintiffs' Registered Trademarks in the United States and in interstate commerce for many years.

8. The Plaintiffs' Registered Trademarks are entitled to protection under the federal trademark laws and under the laws of the State of New York.

9. On May 23, 2022, Plaintiffs filed its Complaint against Defendant.

10. An examination of the Court's files and records in this case indicates that Defendant was served with the herein Summons and Complaint.

11. Defendant has failed to file an answer or otherwise defend this action, as required by law.

5

12. On July 12, 2022, a default was entered by the Clerk of the Court against Defendant.

13. As a result of Defendant's default, Defendant is deemed to have admitted the allegations contained in Plaintiffs' Complaint.

14. Thus, the Court finds that Defendant is liable to Plaintiffs on all Counts of the Complaint. Therefore, Defendant is liable to Plaintiffs for willful and malicious trademark counterfeiting under federal law, 15 U.S.C. § 1114, et seq.

15. As a result of Defendant's unlawful conduct, Plaintiffs are entitled to the entry of a permanent injunction against Defendant. Accordingly, the Court hereby permanently enjoins and restrains Defendant and his employees, agents, servants, successors, and assigns, and all those acting in concert or participation therewith, from:

a) using any counterfeit or infringement of the Plaintiffs' Registered Trademarks to identify any goods not authorized by Plaintiffs;

b) counterfeiting or infringing the Plaintiffs' Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of Plaintiffs' Registered Trademarks;

c) using any simulation, reproduction, counterfeit, or copy of the Plaintiffs' Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiffs;

d) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Plaintiffs;

e) engaging in any other conduct constituting an infringement of Plaintiffs' Registered Trademarks, of Plaintiff's rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiff's names, reputations, and goodwill.

16. Pursuant to and in accordance with 15 U.S.C. § 1117(c), the Court hereby Orders Defendant to pay Plaintiffs an award ~~Five Hundred Thousand Dollars ($500,000)~~ of One Thousand Dollars ($1,000) for eight (8) Plaintiffs' Registered Trademarks infringed for the grand total award of statutory damages of ~~$4,000,000~~ $8,000 for Defendant's willful acts of trademark counterfeiting. Said award to Plaintiffs shall bear interest from the date of this judgment at the rate provided by law. Plaintiffs waive any attorneys fee recovery herein.

17. Pursuant to and in accordance with 15 U.S.C. § 1117 and applicable law, Plaintiffs shall also have and recover from Defendant: costs incurred in this action in the sum of $581.80, with interest thereon at the rate provided by law.

18. Within ~~ten (10)~~ thirty (30) days of the date of this Final Judgment and Injunction by Default, Defendant shall take all steps necessary to remove from all websites and/or accounts to which Defendant owns or controls, all text or any other media bearing Plaintiffs' Registered Trademarks, or any marks confusingly similar hereto.

19. Within thirty (30) days of the date of this Final Judgment and Injunction by Default, Defendant shall file and serve Plaintiffs with a sworn statement setting forth in detail the manner and form in which Defendant has complied with this Final Judgment and Injunction by Default, including its injunctive provisions.

20. That Defendant be required to deliver up for destruction to Plaintiffs all unauthorized materials bearing any of the Plaintiffs' Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

21. Because the Court finds that Defendant' acts constitute willful and/or malicious injury to Plaintiffs and/or Plaintiffs' property under 11 U.S.C. § 523(a)(6), the sums awarded to Plaintiffs herein are not dischargeable in any bankruptcy proceeding filed by Defendant.

7

22. This Final Judgment and Injunction by Default is deemed served on Defendant as of entry therein.

23. The terms of this Final Judgment and Permanent Injunction shall govern and bind the activities of the Defendant, its agents, servants, employees, and attorneys, and all persons in active concert or participation therewith.

24. All claims asserted against "John Doe" defendants are dismissed without prejudice.

25. All other claims asserted against Defendant are dismissed with prejudice.

26. This Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Final Judgment and Injunction by Default.

Dated: White Plains, New York
December 7, 2022

_____
Philip M. Halpern
United States District Court Judge